## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ELENA A. BELOV,

                  Plaintiff,

      - vs -

WORLD WILDLIFE FUND, INC.,

                  Defendant.

Civil Action No.:
1:21-cv-01529-JEB

### World Wildlife Fund, Inc.'s answer and affirmative defenses

Defendant World Wildlife Fund, Inc. ("WWF"), by its counsel, hereby submits its Answer to the Complaint as follows:

### Jurisdiction and venue

1.     WWF denies that it terminated Plaintiff or that Plaintiff's employment with WWF ended because of Plaintiff's protected class or in retaliation for protected activity. The remaining allegations in Paragraph 1 are legal conclusions to which no response is required.

2.     The allegation in Paragraph 2 is a legal conclusion to which no response is required.

### Parties

3.     WWF admits the allegations in Paragraph 3.

4.     WWF admits that it is an international non-governmental organization licensed to do business in the District of Columbia. WWF admits that

it is a leading conservation organization that works to help people and nature

thrive. WWF denies the remaining allegations in Paragraph 5.

### Allegations

5.    WWF admits that Plaintiff joined WWF as a limited-term employee in

November 2012, as a Senior Shipping Officer for the U.S. Arctic Program.

6.    WWF admits that Plaintiff was at all times a "limited term employee."

WWF admits that Plaintiff's term was renewed nine times between November 2012

and June 2020, including after the births of two of Plaintiff's children and all

associated leaves, because it was consistent with WWF's organizational priorities

and because of the availability of continued funding for her position. WWF denies

the remaining allegations in Paragraph 6.

7.    WWF admits the allegations in Paragraph 7.

8.    WWF denies the allegations in Paragraph 8.

9.    WWF admits that, in April 2016, Plaintiff gave birth to her first child.

WWF denies that Ms. Williams expressed a specific dislike regarding female

employees taking maternity leave. WWF lacks information or knowledge sufficient

to form a belief as to Plaintiff's alleged fears and therefore denies that allegation.

WWF lacks information or knowledge sufficient to form a belief as to the truth of

the remaining allegations of Paragraph 9 and therefore denies them.

10.    WWF lacks information or knowledge sufficient to form a belief as

whether Plaintiff experienced significant breastfeeding and childcare issues and

therefore denies them. WWF denies the remaining allegations in Paragraph 10.

11.    WWF admits that it allowed Plaintiff to work 21 hours per week until she went back to full-time employment in 2017. WWF denies the inference that colleagues from WWF Russia had any decision-making authority or influence over Plaintiff's leave request. WWF lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 11 and therefore denies them.

12.    WWF admits that, in the spring of 2018, Plaintiff informed Ms. Williams that she was pregnant again and expecting to give birth in or around October of 2018. WWF denies the remaining allegations in Paragraph 12.

13.    WWF admits that Plaintiff gave birth to her second child on October 19, 2018. WWF lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 13 and therefore denies them.

14.    WWF lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 14 and therefore denies them.

15.    WWF admits that Plaintiff sought maternity leave and that WWF's HR department assisted in Plaintiff's request for leave. WWF denies the remaining allegations in Paragraph 15.

16.    WWF admits that it provided Plaintiff with significant maternity leave. WWF denies the remaining allegations in Paragraph 16.

17.    WWF lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 17 and therefore denies them.

18.     WWF admits that Plaintiff was expected to travel as part of her position. WWF denies the remaining allegations in Paragraph 18.

19.     WWF admits that it accommodated Plaintiff's request not to travel for work, and that it agreed to revisit this decision in three months. WWF denies the remaining allegations in Paragraph 19.

20.     WWF denies the allegations in Paragraph 20.

21.     WWF denies the allegations in Paragraph 21.

22.     WWF admits that Plaintiff planned a work trip to Iceland in October 2019. WWF denies the remaining allegations in Paragraph 22.

23.     WWF denies the allegations in Paragraph 23.

24.     WWF admits that Plaintiff was supposed to travel to Alaska for work in October 2019. WWF denies the remaining allegations in Paragraph 24.

25.     WWF admits that, in April 2020, it informed Plaintiff that her limited-term employment would not be renewed after its expiration because of WWF's institutional priorities and a change to third-party funding for the work. WWF admits that Plaintiff's limited-term employment was not renewed when it expired in June 2020 and that it urged Plaintiff to apply for other positions at WWF. WWF denies the remaining allegations in Paragraph 25.

26.     WWF denies the allegations in Paragraph 26.

27.     WWF denies the allegations in Paragraph 27.

28.     WWF denies the allegations in Paragraph 28.

29.     WWF admits the allegations in Paragraph 29.

-4-

30.     WWF lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 30 and therefore denies them.

## Count One

31.     WWF incorporates its previous responses above as if fully stated herein.

32.     WWF denies the allegation in Paragraph 32.

33.     WWF admits that Plaintiff's limited-term employment was not renewed when it expired in June 2020 because of WWF's institutional priorities and a change to third-party funding for the work. WWF denies the remaining allegations in Paragraph 33.

34.     WWF denies the allegations in Paragraph 34.

35.     WWF denies the allegations in Paragraph 35.

36.     WWF denies the allegations in Paragraph 36.

## Count Two

37.     WWF incorporates its previous responses above as if fully stated herein.

38.     Count Two has been dismissed and therefore no answer is required.

39.     Count Two has been dismissed and therefore no answer is required.

40.     Count Two has been dismissed and therefore no answer is required.

## Count Three

41.     WWF incorporates its previous responses above as if fully stated herein.

42.     Count Three has been dismissed and therefore no answer is required.

43.     Count Three has been dismissed and therefore no answer is required.

44.     Count Three has been dismissed and therefore no answer is required.

45.     Count Three has been dismissed and therefore no answer is required.

46.     To the extent that any allegation in the Complaint is not specifically admitted above, WWF denies such allegations. WWF specifically denies that it is liable to Plaintiff in any way or that Plaintiff is entitled to any damages; penalties; pre-judgment or post-judgment interest; costs or attorney's fees.

## Affirmative defenses

1.     The Complaint fails to state a claim upon which relief can be granted.

2.     Plaintiff's limited-term employment was not renewed when it expired in June 2020 because of legitimate business reasons only: WWF's institutional priorities and a change to third-party funding for the work.

3.     WWF did not discriminate against Plaintiff, as evidenced by the fact it allowed her to work remotely on the Artic program from her house in New York, allowed her to work part-time, gave her extensive maternity leave, did not require her to travel for work, and urged her to apply for other positions at WWF when it informed her that her limited-term employment was not renewed for legitimate business reasons.

4.     The Complaint is barred by the Plaintiff's failure to mitigate damages.

5.      Plaintiff's purported remedies may be limited by the doctrine of after-acquired evidence, subject to a reasonable opportunity for investigation and discovery.

6.      This action or any relief sought by Plaintiff is barred, in whole or in part, by additional affirmative defenses that cannot now be asserted due to the generality of Plaintiff's pleadings and the fact that discovery has not been completed.

7.      WWF intends to reply upon any and all other defenses as may be developed through discovery or otherwise, and expressly reserves the right to amend or supplement its Answer and defenses as may be appropriate during the course of this litigation.

WHEREFORE, WWF respectfully requests judgment:

1.      Dismissing the Complaint in its entirety;

2.      Denying Plaintiff's request for compensatory and punitive damages;

3.      Denying Plaintiff's request for pre- and post-judgment interest;

4.      Denying Plaintiff's request for attorney's fees and costs;

5.      Awarding WWF its costs and expenses incurred in defending against Plaintiff's claims including, without limitation, its reasonable attorney's fees; and

6.      Awarding WWF such other and further relief as this Court deems just and proper.

Dated:  October 28, 2021                Respectfully submitted,

                                        */s/ Leslie Paul Machado*
                                        Leslie Paul Machado (Bar No. 472395)

-7-

O'Hagan Meyer PLLC
2560 Huntington Avenue, Suite 204
Alexandria, Virginia 22303
(703) 775-8607 (phone)
(804) 403-7110 (facsimile)
lmachado@ohaganmeyer.com

***Counsel for World Wildlife Fund, Inc.***

**Certificate of Service**

I hereby certify that, on the 28th day of October 2021, I filed the foregoing with the Court using the CM/ECF system, which will electronically serve all counsel of record who have entered an appearance in this case.

*/s/ Leslie Paul Machado*
Leslie Paul Machado